UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ROGER DALE MANNING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 5:18-cv-00346-LCB |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY | ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On March 5, 2018, the Plaintiff Roger Manning filed a complaint (Doc. 1) seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Commissioner filed an answer to the complaint on June 20, 2018. (Doc. 7). The Plaintiff filed a brief in support of his position on September 6, 2018, (Doc. 11), and the Commissioner filed a brief in support of the decision on October 9, 2018. (Doc. 11). Therefore, this issue is ripe for review. For the following reasons stated below, the final decision of the Commissioner is affirmed.

### I. BACKGROUND

The Plaintiff protectively filed for a period of disability and disability insurance benefits on August 6, 2014. (R. 11). He alleged that his disability began

1

on June 12, 2013. *Id*. The Plaintiff's claim for benefits was denied on January 12, 2015, and the he subsequently filed a request for a hearing in front of an Administrative Law Judge ("ALJ") on February 5, 2015. *Id*. The Plaintiff appeared before ALJ Patrick Digby on June 7, 2017. *Id*. The Plaintiff testified at the hearing and was questioned by his attorney and the ALJ. (R. 45, 51). Vocational Expert Marilyn J. Stroud also testified at the hearing. (R. 54). The ALJ issued his opinion on July 21, 2017. (R. 24). When he issued his opinion, the ALJ used the five-step evaluation process to determine whether an individual is disabled. (R. 12). The ALJ made the following determinations:

1. The Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2018. (R. 13).

2. The Plaintiff has not engaged in substantial gainful activity since June 12, 2013, the alleged onset date of disability. *Id*.

3. The Plaintiff has the following severe impairments: migraine headaches and degenerative disk disease. *Id*.

4. The Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (R. 15).

5. The Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b). He can occasionally climb ramps or stairs. He can also balance, stoop, kneel, crouch, and crawl. He can never climb ladders, ropes, and scaffolds. He must avoid: concentrated exposure to extreme heat, cold, heat, wetness, humidity, and vibration; exposure to hazardous machinery; and unprotected heights and uneven terrain. *Id*.

6. The Plaintiff can perform past relevant work as: a production manager, a position consistent with Dictionary of Occupational Titles ("DOT") #123.117-014; computer operator, DOT # 213.362-010; production coordinator, DOT #211.167-018; and sales representative, data processing services, DOT #251.157-014. (R. 23).

7. The Plaintiff has not been under a disability as defined in the Social Security Act, from June 12, 2013, through July 21, 2017. *Id*.

After the ALJ denied his claim, The Plaintiff requested an appeal to the Appeals Council and was denied on January 8, 2018. (R. 1). At that point, the ALJ's decision became the final decision of the Commissioner. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015). The Plaintiff filed this action on March 5, 2018. (Doc. 1).

## II. DISCUSSION

The Social Security Administration ("SSA") is authorized to pay Supplemental Security Insurance ("SSI") and disability insurance to claimants that have a disability. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018). Title II of the Social Security Act defines disability as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* at 1358-59, *citing* 42 U.S.C. §§ 423 (d)(1)(A).

### A. Standard of Review

The Court reviews "de novo the legal principles upon which the ALJ relied, but [is] limited to assessing whether the ALJ's resulting decision is supported by substantial evidence." *Henry*, 802 F.3d at 1266-67. "Substantial evidence is more than a scintilla and is such relevant evidence that a reasonable person would support its conclusion." *Winshel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Court does not "decide facts anew, mak[e] credibility determinations, or reweigh the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Court instead "must scrutinize the record as a whole in determining whether the ALJ reached a reasonable decision." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**B. Five Step Sequential Evaluation**

To determine if a claimant has a disability, the SSA regulations mandate that an ALJ must follow a five-step sequential evaluation while evaluating a disability claim. *See* 20 C.F.R. §§ 404.1520; 416.920. Pursuant to the regulations, the ALJ must proceed with his analysis as follows:

1. Is the claimant engaged in substantial gainful activity? If "yes" the claimant is not disabled, and the analysis ends here. If the answer is "no," proceed to the next step of the analysis. 20 C.F.R. § 404.1520.

2. Does the claimant have a medically determinable physical or mental impairment or combination of impairments that meets the duration requirements of 20 C.F.R. § 404.1509? If "no," the claimant is not disabled. If "yes," proceed to the next step of the analysis. *Id.*

3. Does the claimant have an impairment that equals a listed impairment in 20 C.F.R. § 404, Subpart P Appendix 1 and meets the durational requirements of 20 C.F.R. § 404.1509? If "yes" the claimant is disabled. If "no," proceed to the next step of the analysis. *Id*.

4. Does the claimant have the residual functional capacity ("RFC") to return to past relevant work? If "yes" the claimant is not disabled. If no, proceed to the final step of the analysis. *Id.*

5. Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If "no," the claimant is disabled. If "yes," the claimant is not disabled. *Id.*

Initially, the claimant bears the burden of proof regarding the first four steps of the above evaluation. *Washington,* 906 F.3d at 1359. The claimant carries a particularly heavy burden when showing why he or she cannot engage in past relevant work. *Id.* After the fourth step, the burden then shifts to the Commissioner to determine if there are jobs in the national economy that the claimant can perform. *Id.* However, while the burden shifts to the Commissioner at step five, the burden ultimately falls to the claimant to show a disability exists. *Id*., *citing Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001).

**C. The Plaintiff's Contentions**

The Plaintiff claims that the ALJ erred by finding he could return to his past relevant work. (Doc. 11, p. 4). First, he argues the ALJ failed to evaluate his subjective pain testimony consistent with the standard set forth in *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). Next, The Plaintiff argues the ALJ failed to give proper weight to his treating physician's opinions. (Doc. 11, p. 11). Finally, he

claims the ALJ failed to develop the record. (Doc. 11, p. 14). The Court will address each of these contentions in turn.

### 1. The ALJ did not err when considering the Plaintiff's allegations about his pain.

The Plaintiff first argues the ALJ did not properly credit his testimony regarding the pain migraine headaches cause him. (Doc. 11, p. 4-5). He alleges that the ALJ's decision to discount his pain testimony is not supported by substantial evidence. (Doc. 11, p. 6). He supports this contention with many citations from the record which documented the Plaintiff experiencing extreme pain because of his headaches. (Doc. 11, p. 8). Further, the Plaintiff also notes that he visited specialists at Vanderbilt and Duke to determine the cause of his migraines. (Doc. 11, p. 6). In his decision, the ALJ acknowledged the record reflects the Plaintiff's condition has been consistent and painful. (R. 16). However, he also found the Plaintiff's claims about the "intensity, persistence, and limiting effects" of his symptoms were not entirely credible. *Id*. He supported his finding with evidence such as contradictory medical records, the Plaintiff's daily activities, and inconsistent evidence from Dr. James Thacker, the Plaintiff's treating physician[1]. (R. 16-23).

If an ALJ "fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then [the ALJ], as a matter of law, has accepted the

---

[1] The Plaintiff's argument in support of Dr. Thacker's findings will be addressed in the next section of this opinion.

testimony as true." *Hale*, 821 F.2d at 1012. "Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence." *Id*. When evaluating the intensity and persistence of a claimant's symptoms, the ALJ will consider factors such as: the claimant's daily activities, side effects of the claimant's medication, and other factors concerning functional limitations. *See* 20 C.F.R. § 404.1529(c)(3)(i-vii). *See also* SSR 16-3P, 2017 WL 5180304 at *6-8. A "claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can give rise to the claimed pain" to establish a disability based on pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). A claimant's statements about his or her pain will not suffice to establish a disability exists. 20 C.F.R. § 404.1529(b).

Here, the ALJ's finding that the Plaintiff's pain testimony was not credible is supported by substantial evidence. Indeed, the Plaintiff's record reflected that he continued to suffer from painful migraine headaches throughout the past few years. *See* (R. 318, 485, 539, 574, 609, 627). However, while the Plaintiff has presented evidence that he has consistent migraines, other evidence in the record supports the ALJ's conclusion. The Plaintiff's extensive medical reports indicate that while his pain was consistent, he noted that his activity level remained consistently high. For

7

example, throughout 2017, he reported his "current daily activity level" as "8 out of 10" or "7 out of 10." *See* (R. 882, 890, 907, 911, 918, 936, 948). Additionally, even though the Plaintiff described his medicine as ineffective and experienced debilitating side effects, he reported both a reduction in his pain and that the side effects from the medication were manageable. *See* (R. 870, 886, 893, 903, 928). This was after the record reflected the Plaintiff had previously experienced dizziness and falling because of his medication. (R. 728, 732). Further, the Plaintiff's physical examinations related to his migraines showed generally normal results. *See* (R. 725, 734, 745, 877, 888, 912). Accordingly, while the Plaintiff presented evidence that he experienced considerable pain with his migraines, substantial evidence supports the ALJ's reasons for concluding that the Plaintiff's pain testimony was not credible.

   **2. The ALJ did not err when giving less weight to the treating physician's opinion.**

The Plaintiff argues next that the ALJ did not clearly articulate good cause for discrediting the opinion of his treating physician, Dr. James Thacker. (Doc. 11, p. 11). Specifically, the Plaintiff argues that the ALJ incorrectly gave less weight to Dr. Thacker's opinions from October 2014; March 2017; and May 2017. (Doc. 11, p. 12).

Typically, an ALJ will give more weight to the opinion of a claimant's treating physician. 20 CFR § 404.1527(c)(2). A treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary."

*Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). "Good cause [to discount the treating physician's opinion] exists when (1) the treating physician's opinion was not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the treating physician's opinion was conclusory or inconsistent with his own medical records." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 (11th Cir. 2019). "[T]he ALJ may reject any medical opinion if the evidence supports a contrary finding." *Hand v. Soc. Sec. Admin.*, 2019 WL 4447206 at *3 (11th Cir. 2019) *quoting Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987).

### a. October 2014 Opinion

The ALJ gave little weight to Dr. Thacker's October 2014 questionnaire response because he found that the physician's assessment was not supported by the record and he did not examine the Plaintiff when completing the form. (R. 18). The ALJ also gave this assessment less weight because Dr. Thacker did not refer the Plaintiff to a headache specialist. *Id*. Dr. Thacker completed a Physician Headache Questionnaire and noted that the Plaintiff could return to work "when the pain is better under control," but could not currently return to full or part time employment. (R. 866). Part of Dr. Thacker's reasoning that the Plaintiff could not work was based on the response the Plaintiff gave in his self-reported Migraine Disability Assessment Test, or ("MIDAS"). In the assessment, the Plaintiff's responses placed him in the "severe disability" category. As the Court noted above, a claimant's

9

subjective statements alone will not show he or she is disabled. 20 C.F.R. § 404.1529(b). Therefore, Dr. Thacker's questionnaire responses must be supported by more than the Plaintiff's subjective claims.

Substantial evidence supports the ALJ's decision to discount this opinion. For example, while the Plaintiff consistently reported his headache pain, his physical examinations during this time showed generally normal results including normal gait, muscle strength, ability to concentrate, and memory. *See* (R. 675, 679, 686, 690, 699, 715). Additionally, the medical records support that the Plaintiff's pain regiment was helping control his discomfort. *See* (R. 687, 691, 728). Even though the ALJ noted that Dr. Thacker did not refer the Plaintiff to a headache specialist, the record reflects he did refer the Plaintiff to a headache specialist in 2016. (R. 250). However, because this one finding does not "contradict the ALJ's ultimate findings," it is harmless error. *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008). Accordingly, the ALJ's decision to give less weight to Dr. Thacker's October 2014 opinion is supported by substantial evidence.

### b. March 2017 Opinion

The ALJ gave less weight to Dr. Thacker's March 2017 opinion because it was not supported by the Plaintiff's medical records in the entirety. (R. 18). Dr. Thacker completed another form and wrote the Plaintiff could not control his headaches "with medication [nor] interventional procedures." (R. 861). The

Plaintiff's medical records provide that the Plaintiff did receive relief from his pain with medication. *See* (R. 890, 893, 903, 911, 914, 918, 923, 928, 939). Therefore, the ALJ's decision to give less weight to Dr. Thacker's March 2017 opinion is supported by substantial evidence.

### c. May 2017 Opinion

Finally, the ALJ gave less weight to Dr. Thacker's May 2017 opinion because he found it was vague and was contradicted by his treatment records. (R. 17). Dr. Thacker's supplement to an interrogatory stated the Plaintiff's limitations include he "is not capable of more than short periods of sitting, standing, and walking due to his neck, shoulder, and back pain." (R. 1071). Dr. Thacker also notes the Plaintiff cannot "persist at tasks to completion, work at any reasonable pace or maintain concentration and attention" because of the effects of the medication and his headaches. *Id*.

The ALJ was not required to give great weight to Dr. Thacker's opinion about the Plaintiff's work capability. A physician's opinion about a claimant's disability is not invalidated because the ALJ found his or her responses to be vague. *Schink*, 935 F.3d at 1262. However, substantial evidence supports the ALJ's finding to give less weight to this opinion. As mentioned above, the Plaintiff's medical record reflects that his physical examinations were largely normal, and his medications helped manage his pain related to his headaches. *See* Part II(C)(2)(a)&(b). Further,

while the Plaintiff did discuss the negative side effects of his medication, the record provides the Plaintiff indicated the side effects were manageable. *See* Part II(C)(1). Considering this evidence, the ALJ did not err when giving less weight to Dr. Thacker's May 2017 opinion.

Towards the end of the Plaintiff's argument, he alleges the ALJ erred by not fully developing the record. (Doc. 15, p. 12). "Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998). In this case, the Plaintiff claims the ALJ failed to develop the record, but he did not provide the Court with a complete argument or evidence of this contention. Therefore, the Court finds that this issue is waived.

### III.　CONCLUSION

For these reasons, and the Court being otherwise sufficiently advised, it is **ORDERED** that the final decision of the Commissioner is **AFFIRMED**. A final judgment will be entered separately.

**DONE** and **ORDERED** this January 13, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE